## BRUCE *v.* SNOW.

A condition, inserted for the benefit of the party chargeable by the contract, must, in order to avoid the contract, be strictly performed.

It seems that a sheriff who has voluntarily permitted a debtor to escape, cannot retake him.

TROVER, for a note dated at Claremont, the 18th of February, 1846, signed by the plaintiff, for the sum of $528.45, payable to Proctor & Kendall, or order, on demand, with interest. Plea, the general issue.

It appeared in evidence that on the day of the date of the note, one William G. Buckman was under arrest, upon a writ in favor of Proctor & Kendall, and that he was permitted to go from the custody of the officer upon the plaintiff's giving the note described, attached to which was a memorandum, signed by the attorney of Proctor & Kendall, purporting that the note should be void and should be restored to the plaintiff, provided Buckman should be at the office of the defendant, "from 9 to 10 o'clock in the forenoon, on the 20th of this present month of February," otherwise the note should be in force, and the claim of Proctor & Kendall against Buckman discharged. Buckman went away, and on the 20th of February, at 20 minutes before 10 o'clock, came into the office of Snow, who with the officer was then present. Bruce, who was also there, then demanded the note, which the defendant declined to deliver.

Bruce *v.* Snow.

By an arrangement of the parties, the note was left with the clerk, and a verdict taken in favor of the plaintiff, for ten cents, which the defendant moved to set aside.

*Cushing,* for the defendant.

*Handerson,* for the plaintiff.

GILCHRIST, J.  At the date of the note, for the conversion of which this action was brought, Buckman was a prisoner of the deputy sheriff, Blodgett, who had arrested him at the suit of Proctor & Kendall.  In consequence of giving this note by the plaintiff, the officer, whether with or without the instruction of the creditors, or their attorney Snow, it is not material to inquire, suffered his prisoner to escape.  This would have been a good consideration for the note without any condition annexed to it, for the benefit which is presumed to be gained by the arrest of the debtor was parted with.

The plaintiff, however, in giving the note reserved to himself the benefit of a condition, the performance of which, according to its strict terms, would clearly have exempted him from further liability in respect to the note. Has he performed the act required by the condition ? Clearly he has not; for, instead of producing Buckman at the time prescribed by the terms of it, he did not produce him till forty minutes later.  But it is said that he produced him in sufficient time for the sheriff to have taken him, and to have secured to Proctor & Kendall every advantage which they could have derived from an earlier surrender.

But this is wholly immaterial; for, in the first place, the authority of the officer to arrest the prisoner, whom he has voluntarily permitted to escape, may admit of very serious question.  *Shurburn* v. *Beattie,* decided lately in Grafton.  So that no benefit was probably secured to the creditors by the tardy attempt to comply with the condition.

And, secondly, if the condition were intended to secure a benefit to the creditors, they had a right to exact it in the terms and to the extent in which it had been secured to them by the contract. The case is not one in which the court can answer the objection or commute the penalty.

The condition annexed to the note was introduced for the benefit of the maker of it. Apparently its performance could have been of no use whatever to the payees. It was inserted to enable the maker, by complying with its terms, to avoid the payment of the note, if he saw fit so to do. It is not suggested that the performance was impossible or difficult. It was the same thing substantially as if the condition to avoid the note had been to give notice before a certain hour. Notice after the hour would have been no performance unless assented to. *Gray* v. *Gardner*, 17 Mass. 188.

Whether a note that is paid ordinarily belongs to the party paying it, and may be claimed by him, does not fairly come in question here; since the condition provides that it shall be delivered up to the maker upon the performance of the condition. It would have been the plaintiff's property if he had kept the condition, which, as the case now stands, it clearly appears he did not.

The verdict must be set aside, and a

*New trial granted.*